UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**PRAYER TOWER APOSTOLIC CHURCH, INC.,**          Chapter 11
    Debtor                                      Case No. 09-15867-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Debtor's Objection to Proof of Claim by City of Boston Treasury Department (Claim #3)" in the amount of $20,097.73. Through its Objection, the Debtor seeks a determination that it does not owe certain real estate taxes to the City of Boston because it is a nonprofit entity. In particular, it maintains that "the City appears to be illegally charging the Debtor for the entire building, when only a small portion of the building [is] used for commercial purposes," which portion the Debtor admits is subject to taxation.

The City of Boston filed a Response to the Debtor's Objection in which it stated that it filed proof of a secured claim on September 10, 2009 in the amount of $20,097.73 for delinquent fiscal year 2008 and 2009 real estate taxes assessed against the Debtor's property located at 150 Norfolk Street, Boston, Massachusetts (the "property"). In its Response, it also stated that the property was not exempt from taxation for the following reasons:

1

> Based upon information and belief the building that is the subject of Claim 3 is bisected by an interior wall that runs from the front exterior wall to the rear exterior wall of the building. There are two entrances at the front of the building admitting entrance to the two separate areas within. The facade of the building bears two signs: one which says "PTAC Offices," and one which says "PTAC Styling Co."
>
> Houses of worship and parsonages are entitled to an exemption from real estate taxes pursuant to M.G.L. c. 59, § 5 Clause Eleven.
>
> The portion of the building bearing the sign "PTAC Styling Co." is currently being operated as a salon, and this portion of the property is acknowledged by the Debtor in its Objection to be taxable.
>
> Based upon information and belief, the remaining portion of the building bearing the sign "PTAC Offices" is vacant, and is not being used as a place of worship or as a parsonage.

The Debtor filed a Reply to the City of Boston's Response, challenging the City's assertion that no part of the property was exempt from taxation.

The Court scheduled the Debtor's Objection for hearing, which was held, after an agreed continuance of the original hearing date, on January 27, 2010. Prior to the hearing, Pastor Antoine Montgomery, who has served as pastor at Prayer Tower Apostolic Church for about nine years, filed an Affidavit, and the parties filed a stipulation as to agreed facts. At the hearing, the parties agreed that the portion of the building occupied by the salon was subject to real estate taxation. The parties disagreed as to whether the space denominated as office space was subject to real estate taxation as well. The parties also agreed that Pastor Montgomery's Affidavit could be accepted as an offer of proof, and an evidentiary hearing was unnecessary.

The issue presented is whether the portion of the property denominated as office

space is exempt from taxation. The Court now makes its findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## II. FACTS

The Debtor filed a voluntary Chapter 11 petition on June 25, 2009. As noted above, the City of Boston filed its proof of claim on September 10, 2009.

The property is bisected by an interior wall that runs from the front of the building to the rear exterior wall of the building. There are two entrances at the front of the building admitting entrance to the two separate areas within. The facade of the building bears two signs: one which says "PTAC Offices," and one which says "PTAC Styling Co."

The building contains 2,208 square feet of space in total. The portion of the building denominated "PTAC Offices" comprises 1,114 square feet of the whole and the portion denominated "PTAC Styling" comprises 1,094 square feet of the whole.

The delinquent fiscal 2008 and 2009 real estate tax assessments that are the subject of Claim 3 were calculated based on the total number of square feet (i.e., 2,208 square feet).

In his Affidavit, Pastor Montgomery stated the following:

Our congregation generally attracts approximately 250 people for services since I have been pastor; when I became pastor, about 15 regular parishioners attended church services. . . .

During 2008, at the request of Mt. Washington Bank, our lender since 2005, because I suffered a stroke, lost my speech, and could not deliver sermons, we moved the church services across the street on a temporary basis for a few months.

During the time that church services were temporarily held across the street, the church facility office space and church space were being used for religious education purposes of young people; and the church worship area

> was being used to feed poor families, without charge or fee.
>
> I have continued to use my office space as my office during the entire period (and did not use the office during a brief period of a few weeks while I was in the hospital), and during which time a replacement pastor used my office and led services.
>
> The office space continues to be used for religious purposes of your [sic] people. We have religious leaders lecturing and reading church books and history books with young people in the area of the church.
>
> The use of the main church area returned to being used solely for church religious services, after the food program failed to achieve much success.
>
> During FY 2008 and 2009, the entire building, except for the salon, was used fro religious purposes. Other than for brief temporary periods, the church has never been vacant and has constantly been used for religious purposes.

The parties have agreed that, if this Court finds that Pastor Montgomery's Affidavit is sufficient to grant an abatement, the real estate tax will be prorated to account for the exempt portion of the property.

### III. DISCUSSION

Massachusetts law provides an exemption from taxation for certain properties used for religious purposes. Chapter 59, § 5 provides in relevant part:

> Notwithstanding the provisions of any other general or special law to the contrary, *houses of religious worship* owned by, or held in trust for the use of, any religious organization, and the pews and furniture and *each parsonage so owned, or held in irrevocable trust, for the exclusive benefit of the religious organizations*, and including the official residences occupied by district superintendents of the United Methodist Church and the Christian and Missionary Alliance and of the Church of the Nazarene, and by district executives of the Southern New England District of the Assemblies of God, Inc., Unitarian-Universalist Churches and the Baptist General Conference of New England, and the official residence occupied by the president of the New England Synod of the Lutheran Church in America, Inc., and the official residence occupied by a person who has been designated by the

> congregation of a Hebrew Synagogue or Temple as the rabbi thereof, *but such exemption shall not, except as herein provided, extend to any portion of any such house of religious worship appropriated for purposes other than religious worship or instruction.* The occasional or incidental use of such property by an organization exempt from taxation under the provisions of 26 USC Sec. 501(c)(3) of the Federal Internal Revenue Code shall not be deemed to be an appropriation for purposes other than religious worship or instruction.

Mass. Gen. Laws ch. 59, §5, cl. 11 (emphasis supplied). Exemptions are strictly construed and the taxpayer has the burden of proving that the exemption is applicable. Andre C. Bailey and Walter G. Van Dorn, 4 Mass. Prac., Taxation § 19:1 (4th Ed. 2009 ) (citing, *inter alia*, Children's Hospital Medical Center v. Boston Board of Assessors, 388 Mass. 832, 838 (1983)). *See also* New Habitat, Inc. v. Tax Collector of Cambridge, 451 Mass. 729, 731 (2008).

A properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. *See* Fed. R. Bankr. P. 3001(f). The Debtor's entitlement to an exemption from taxation, however, is a matter of substantive law. Accordingly, the Debtor has the burden of proof on the issue of its entitlement to the exemption. If the Debtor satisfies that burden, the burden shifts to the City of Boston to establish its claim. *See* Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000).

The issue presented is not whether a portion of the property was used as a parsonage, "a residence furnished by a church to a minister." *See* Zion Church of Foursquare Gospel, Inc. v. Bd. of Assessors of Town of Hanson, 2001 WL 1654394 at *3 (Appellate Tax Board, Dec. 20, 2001). Pastor Montgomery did not state that he resided in the property. Accordingly, the sole issue is whether the portion of the property denominated as "PTAC Offices" was used as a "house of religious worship or instruction."

Pastor Montgomery's Affidavit unequivocally establishes that the property was used for religious purposes within the meaning of the statute. Although Pastor Montgomery admitted that for "brief temporary periods" the church was vacant, the Massachusetts Supreme Judicial Court has sanctioned "occasional use [which] was incidental to the continued and regular occupation of the rooms for religious purposes" in Assessors of Framingham v. First Parish in Framingham, 239 Mass. 212, 216 (1952). The court recognized that the right of exemption from taxation depends on the dominant purpose for which the rooms are maintained and their actual use for that purpose. Id. *But see* All Saints Parish v. Inhabitants of Town of Brookline, 178 Mass. 404, 410 (1901)(no exemption for vacant lot intended for church purposes where construction had not begun).

The City of Boston complains that the Debtor did not file an application for an exemption for the property and further asserts that a property located at 146 Norfolk Street, which abuts the property, has been used by the Debtor as its house of worship and was exempt in fiscal years 2008 and 2009. It adds that the property is not a parsonage and that the Debtor has provided no evidence that Reverend Montgomery or any other minister or cleric lives in the property. Finally, it asserts that use of the property for religious instruction does not qualify the building for an exemption because worship is not synonymous with religious instruction and religious instruction must take place in a house of worship.

The Court finds based upon the weight of the evidence that the Debtor has sustained its burden of proof. The burden of proof shifted to the City to submit evidence to

contradict the evidence submitted by the Debtor in the form of Pastor Montgomery's Affidavit. Although the church worship area was moved in 2008 "for a few months," it appears that a portion of the property is used for religious service. Moreover, this Court is not inclined to define "house of worship" so narrowly as to exclude religious education, lectures by religious leaders and readings of church and history books with young people from the definition of "worship."

## IV. CONCLUSION

For the reasons set forth above, the Court shall enter an order sustaining the Debtor's Objection to the proof of claim filed by the City of Boston. In accordance with the parties' Stipulation, the City of Boston is authorized to submit an amended proof of claim pro rating the amount of tax due for the fiscal years 2008 and 2009 for the portion of the property occupied by the salon.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 24, 2010
cc: Jordan L. Shapiro, Esq., Joseph G. LaRusso, Esq.